FILED
U.S. DIST. COURT
SAV...
SO. DIST. OF GA.
CLERK _____

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

VIKKI GRAHAM,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CASE NO. CV411-316
                                 )
MEMORIAL HEALTH UNIVERSITY       )
MEDICAL CENTER, KATHY BROWNE,    )
DEBBIE HATTRICH, SOPHRONIA       )
MCCLENDON and RHONDA COXON,      )
                                 )
        Defendants.              )
                                 )

## O R D E R

Before the Court is Defendants' Motion for
Reconsideration. (Doc. 48.) In their motion, Defendants
argue that a new Supreme Court case—Univ. of Tex. Sw. Med.
Cntr. v. Nassar, 133 S. Ct. 2517 (2013)—alters the standard
by which Plaintiff's retaliation claim should be judged.
(Doc. 1 at 1.) Defendants also argue that the Court
improperly failed to consider their arguments concerning
disparate treatment. (Id. at 6.) Plaintiffs have filed
two responses in opposition, claiming that Defendants
simply restate prior arguments already addressed by the
Court and that the Supreme Court's decision in Nassar
decision does not affect Plaintiff's claims. (Doc. 49;
Doc. 50.) Defendants have also filed a reply (Doc. 51) to
which Plaintiff has filed a sur-reply (Doc. 53).

For the following reasons, the Court does not find that the Supreme Court's decision in Nassar changes the outcome of its prior order. In addition, the Court finds that it did not commit clear error of law by declining to address Defendants' arguments concerning Plaintiff's disparate treatment claims. Accordingly, Defendants' Motion to Reconsider (Doc. 48) is **DENIED**. Plaintiff's claims for disparate treatment and retaliation may proceed to trial.

**ANALYSIS**

I.   RECONSIDERATION STANDARD

"In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Collins v. Int'l Longshoremen's Ass'n Local 1423, 2013 WL 393096, at *1 (S.D. Ga. Jan. 30, 2013) (unpublished). District courts have discretion to reconsider interlocutory orders at any time prior to final judgment. Watkins v. Capital City Bank, 2012 WL 4372289, at *4 (S.D. Ga. Sept. 24, 2012) (unpulished); Lambert v. Briggs & Stratton Corp., 2006 WL 156875, at *1 (S.D. Ga. Jan. 19, 2006) (unpublished). However, courts within this district and across the Eleventh Circuit have held that reconsideration is appropriate only in a limited number of circumstances.

2

Specifically, the Court will reconsider its order only if there is (1) an intervening change in controlling law; (2) newly discovered material evidence; or (3) the need to correct clear error of law or prevent manifest injustice. Peery v. CSB Behavioral Health Sys., 2008 WL 4935598, at *1 (S.D. Ga. Nov. 18, 2008) (unpublished); see also Bryant v. Jones, 696 F. Supp. 2d. 1313, 1320 (N.D. Ga. 2010); Wells v. Gen. Dynamics Info. Tech., Inc., 2012 WL 5207519 at *1 (M.D. Ga. Oct. 22, 2012) (unpublished). Additionally, "[i]n order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

II. INTERVENING LAW

Defendants first contend that that the Court did not properly consider and apply the Supreme Court's recent decision in Univ. of Tex. Sw. Med. Cntr. v. Nassar, 133 S. Ct. 2517 (2013) when addressing Defendants' motion for summary judgment.[1]  (Doc. 1 at 1.)  Specifically, Defendants argue that the decision imposes a "but for" standard when

_____

[1] Nassar was decided on June 24, 2013 after Defendants had filed their Motion for Summary Judgment with this Court. 133 S. Ct. at 2517.

3

evaluating retaliation claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 that, if applied, would reverse the Court's decision in this case. (Id.) While the Court agrees that the Supreme Court's decision in Nassar changed the standard for causation in retaliation claims, it does not change the Court's conclusion in this case.

The Supreme Court stated in Nassar that, in contrast to discrimination claims brought under 42 U.S.C. § 2002e-(3)(a), "a retaliation claim must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." 133 S. Ct. at 2534. However, the Supreme Court's decision does not abrogate the normal McDonnell Douglas framework by which retaliation claims have traditionally been evaluated. See Mealing v. Ga. Dept. of Juvenile Justice, 564 F. App'x 421, 427 n.9 (11th Cir. 2014) ("We conclude that the McDonnell Douglas framework continues to apply after the Supreme Court's Nassar."). A plaintiff must still establish a prima facie case of retaliation. Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1182 (11th Cir. 2010). Once a plaintiff establishes a prima facie case, the defendant must rebut the presumption by articulating a legitimate, non-discriminatory reason for the adverse employment action.

Id. If the defendant carries his burden, the plaintiff must then show boh that the legitimate reasons offered by the employer for taking the adverse employment actions were pretextual and that the plaintiff's protected activity was the "but-for" cause of the adverse action. Mealing, 564 F. App'x at 427.

As discussed in the Court's prior order, Plaintiff has established a prima facie case that her termination was in retaliation for her earlier complaints of racial discrimination. (Doc. at 26-28.) However, Defendants were able to rebut Plaintiff's prima facie showing by producing evidence that Plaintiff was actually terminating for improper handling of an unfrozen cryovein and for leaving a surgery room before a count had been performed. (Id. at 28-29.) Accordingly, in light of the Supreme Court's decision in Nassar, the Court must determine whether Plaintiff has provided evidence to show both that Defendants' stated legitimate reasons were pretextual and whether retaliation was the real, "but-for," cause of Plaintiff's termination.

As stated in the Court's original order, Plaintiff has provided evidence that she was following orders in her handling of the unfrozen cryovein. (Doc. 36, Attach. 2 at 26-27.) Further, Plaintiff has also provided evidence that

she did not actually violate hospital count policy, and that Defendants hid this fact by providing insufficient evidence to the Equal Employment Opportunity Commission during its investigation. (Doc. 36, Attach. 2 at 27.) The evidence presented by Plaintiff, if believed, calls into question whether the incidents cited by Defendants as non-discriminatory reasons for Plaintiff's termination are truly valid. If a jury were to accept this evidence, it would be entitled to find that Defendants manufactured the cryovein handling and count policy violation as pretext for terminating Plaintiff.

If the Defendants' stated reasons for Plaintiff's termination are shown to be invalid, a reasonable jury could find retaliation against Plaintiff was Defendants' true motivation. Thus, the Court finds this evidence, if believed by a jury, sufficient to show a material issue of fact whether Plaintiff would not have been fired but for her protected activity. Accordingly, the Court can discern no reason to disturb its prior order in light of Nassar.

III. DISPARATE TREATMENT CLAIM

The Court is not persuaded that it made a clear error of law by declining to address Defendants' motion for summary judgment on Plaintiff's disparate treatment claims first raised in their reply brief. See Hill v. Oil Dri

Corp. of Ga., 198 F. App'x 852, 856 (11th Cir. 2006) (holding that district court did not abuse its discretion in refusing to consider limitations issue raised for the first time in plaintiffs' reply brief); see also United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court."). Furthermore, the Court does not agree that Defendants appropriately moved for summary judgment on Plaintiff's disparate treatment claim. (Doc. 48 at 1.) The Court has already declined to piece together the arguments contained within Defendants' briefs to determine if they might support summary judgment on these claims. (Doc. 47 at 20-22.) Defendants are simply restating prior arguments and presenting arguments that it had an opportunity to raise earlier, but failed to do so. This is not a proper basis to grant Defendants their requested relief. Accordingly, Defendant's motion must be denied.

## CONCLUSION

For the foregoing reasons, the Court concludes that the Supreme Court's decision in Nassar does not change the outcome of its prior order. In addition, the Court finds that it did not commit clear error of law by declining to address Defendants' arguments concerning Plaintiff's

disparate treatment claims. Accordingly, Defendants'
Motion to Reconsider (Doc. 48) is **DENIED**. Plaintiff's
claims for disparate treatment and retaliation may proceed
to trial.

SO ORDERED this 22ND day of September 2014.


_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA