# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| VIKKI GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MEMORIAL HEALTH UNIVERSITY ) | Case No. CV411-316 |
| MEDICAL CENTER, KATHY ) | |
| BROWNE, DEBBIE HATTRICH, ) | |
| SOPHRONIA MCCLENDON and ) | |
| RHONDA COXON, ) | |
| ) | |
| Defendants. ) | |

# ORDER

In this race discrimination action, defendants move for leave to subpoena plaintiff Vikki Graham's employment records from October 2, 2012 until the present. Doc. 63. Graham moves to allow expert damages testimony. Doc. 67. Each party opposes the other's motion, both of which were filed almost three years after the close of discovery. *See* doc. 21.

Graham -- a white, former surgery nurse at Memorial Hospital in Savannah, Georgia -- alleges that two black charge nurses (since dismissed from this case, *see* doc. 47) treated her poorly. She complained

about that treatment, and says that her supervisors retaliated against her for those complaints by, ultimately, firing her. She filed this Title VII action December 23, 2011. Doc. 1. After discovery ended October 2, 2012 (doc. 21), defendants timely moved for summary judgment on November 15, 2012. Doc. 26.

Plaintiff filed her amended response to that motion on September 27, 2013. Doc. 46. Three days later, the Court dismissed some claims, but allowed others to proceed to trial. Doc. 47. Defendants moved to reconsider (doc. 48), and one year later, on September 22, 2014, the Court refused. Doc. 54. Now -- one year after that and almost three years after discovery ended -- the parties ask for, in essence, discovery to reopen.[1]

---

[1] Defendants ask permission to serve Fed. R. Civ. P 45 subpoenas, which:

> constitute discovery, and thus, are subject to the discovery deadline. Additionally, the comments to Rule 45 make it clear that the scope of a subpoena is the same as that applicable to Rule 34 as well as other discovery rules. *Commissariat A L'Energie Atomique v. Samsung Electronics Co.*, No. 8:06MC44T30TBM, 2006 WL 5003562, at *2 (M.D. Fla. June 14, 2006); *See also* Fed.R.Civ.P. 45 Advisory Committee Notes to the 1970 Amendments ("The changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); Fed.R.Civ.P. 45 Advisory Committee Notes to the 1991 Amendments ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34"); 9A CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (2d ed. 1995) (scope of discovery through a subpoena is

That would require the Court to amend the scheduling order, which in turn requires that the moving party show good cause. *See* Fed. R. Civ. P. 16(b); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Benjamin v. Chemtall, Inc.*, 2014 WL 2999738 at * 2 n. 1 (S.D. Ga. June 30, 2014). That "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. Indeed, "[i]f a party was not diligent, the [good cause] inquiry should end." *Id.*

Hence, both parties must show good cause (*i.e.*, diligence) for their respective requests. Neither, however, has addressed why they waited this long for these motions (again, discovery ended October 15, *2012*, and the Court denied summary judgment on September 22, *2014*, both well before the parties filed their motions in August and October of *2015*). The one year gap between the Court denying reconsideration -- and thus

---

"exceedingly broad" and incorporates the provisions of Rule 26(b) and Rule 34). "While the scope of the subpoena for production is the same as Rule 34, the purposes for Rule 45 differ from those of Rule 34."

*McDonald v. Cotton States Mut. Ins. Co.*, 2015 WL 1138026 at * 7 (M.D. Ala. Mar. 13, 2015).

Graham wants to present a damages expert, an additional 30 days to file an expert report for that witness, leave for *defendants* to obtain an expert if they so desire, and, possibly, "[s]hort depositions of th[o]se expert witnesses." Doc. 67 at 4. No one argues that's not discovery-related and so subject to the scheduling order's deadlines.

leaving nothing ahead but settlement or trial -- and the present motions is particularly vexing.

Nevertheless, in lieu of dual denials (which is within the Court's discretion)[2] premised on briefs that don't address the dispositive issue, both motions are **DENIED** without prejudice to move for reconsideration, within 14 days of the date this Order is served, showing the good cause (diligence) Rule 16 demands.

**SO ORDERED**, this 3rd day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] *See Pinkney v. Winn-Dixie Stores, Inc.*, 2015 WL 1000859 at * 4 (S.D. Ga. Mar. 6, 2015) ("Even if the good cause requirement is met, it is within the judge's discretion whether to consent to the modification.").