# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| VIKKI GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEMORIAL HEALTH UNIVERSITY | ) | Case No. CV411-316 |
| MEDICAL CENTER, KATHY | ) | |
| BROWNE, DEBBIE HATTRICH, | ) | |
| SOPHRONIA MCCLENDON and | ) | |
| RHONDA COXON, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Previously, the Court denied two discovery motions (plaintiff Vikki Graham's motion to allow expert damages testimony, and defendants' motion for leave to serve subpoenas) with leave to move for reconsideration if the parties thought they could show diligence in

seeking relief.[1] Doc. 71. Both parties think they can and have renewed their motions. Docs. 72 & 73.[2]

## A. Motion to Serve Subpoenas

Defendants, claiming that they "seek to prepare diligently for trial," wish to subpoena plaintiff's employment records from October 2012 (the end of discovery) to the present. Doc. 72. They contend that those records are necessary to determine whether Graham has, since discovery ended, mitigated her alleged damages by seeking full employment at a comparable job to the one she had with defendant Memorial Health University Medical Center ("Memorial"). *See* doc. 72 at 2. Defendants also believe the records may evidence a pattern of "workplace problems completely unrelated to alleged race discrimination or retaliation" and thus undermine plaintiff's credibility. *Id.* at 4. To justify not seeking those records for three years after discovery ended, defendants point out that (1) two of those years were spent waiting on the Court to rule on dispositive motions; (2) only on August 14, 2015 did

---

[1] Both parties' motions involve discovery matters subject to the scheduling order's deadlines, yet both were filed about three years after discovery ended. Neither party addressed whether good cause existed to modify the Court's scheduling order, thus the Court's denial with leave to move for reconsideration. Doc. 71.

[2] The Court presumes familiarity with the facts and procedural background outlined in its previous Order (doc. 71).

2

the parties file their proposed pretrial order; and (3) no pretrial conference or trial dates are set for this case. *Id.* at 5.

Graham, in addition to proposing a bit of horse-trading (if the Court grants her motion, she'll consent to the relief defendants seek), counters that defendants "fail[] to demonstrate how their desired subpoenas will assist them in show[ing] that Graham has failed to mitigate her damages." Doc. 75 at 3. She points out that defendants have her tax records through 2014 and will receive her 2015 records when they become available. *Id.* at 2. Nothing more, she contends, is necessary to address mitigation. *Id.* Nor may defendants use the subpoenas "to test Graham's credibility" (doc. 72 at 4), since, according to plaintiff, doing so would violate Fed. R. Evid. 404(a)'s character evidence prohibition. Doc. 75 at 4.

Whether or not the employment records defendants seek may be used at trial to impugn Graham's credibility (a matter better left to a motion *in limine* or an evidentiary ruling at trial), they certainly are relevant to whether or not Graham has mitigated her alleged damages. *See Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1470 (11th Cir. 1985). Tax records reveal how much Graham has earned since her termination from

3

Memorial's employ, but they do not reveal how many hours she regularly worked, whether her recent employers offered her more hours and whether she then accepted or declined the offer, whether she was offered and accepted or declined promotions, or whether her post-Memorial jobs are comparable to the position she held there.

More importantly, defendants have, despite the appearance of delay occasioned by the three years that passed between the end of discovery and the present, diligently sought Graham's post-discovery employment records. As defendants correctly note, two of those years they spent waiting on the Court to rule on dispositive motions that, if resolved in defendants' favor, might moot the need for Graham's records. Regardless, waiting to seek the records until just before trial makes sense. Had defendants sought them earlier, and then waited even longer for a trial date, they would have had to come back a second time to seek yet more records.

The parties only recently filed a proposed pretrial order. *See* doc. 61 (filed August 14, 2015). Defendants moved to subpoena Graham's records less than a month later. Doc. 63. Particularly since they moved before any trial date has been set, and in view of the good reasons they

4

had to wait until recently to seek relief, that qualifies as diligent. Hence, defendants have shown good cause to modify the scheduling order. The Court **GRANTS** their motion for leave to serve subpoenas. Doc. 72.

B. Motion to Allow Expert Damages Testimony

Graham, meanwhile, seeks leave to designate an expert witness who will present economic damages evidence. Doc. 73 at 4. Like defendants, her motion comes three years after discovery's close, one year after the Court denied reconsideration of defendants' motion for summary judgment, and approximately a month and a half after the parties filed their joint proposed pretrial order. Unlike defendants however, Graham makes no attempt to demonstrate diligence in seeking her requested relief (*i.e.*, good cause for modifying the scheduling order) despite the Court denying her motion because she failed to address that issue. Instead, she contends only that "[g]ood cause for allowance of testimony regarding damages takes the form of expeditious presentation of the evidence at trial." Doc. 73 at 3.

Maybe so. But speedy evidence presentation does not bear on whether Graham exercised diligence in seeking leave to add a damages expert. Even if the Court accepts that the time the district judge spent

deciding defendants' motion for summary judgment (and motion for reconsideration) shouldn't count against her, she still waited an *entire year* after that ruling to file her motion. More importantly, she offers no explanation -- she makes no diligence showing -- for *why* she waited that length of time.

In fact, Graham states only that, "as time progressed," it "became evident that [her] economic damages can be most effectively presented at trial by [an expert witness]." Doc. 73 at 4. That, however, only begs the question -- why didn't she move for leave to present her expert before October 2015? Two years passed between discovery's close (October 4, 2012) and the Court's denial of defendants' reconsideration motion. *See* doc. 54 (filed September 22, 2014). Was something about that third year -- September 2014 - October 7, 2015 (the date of her expert motion) -- revelatory? Graham never says.

Plaintiff also spends much time decrying the inequity in allowing defendants to subpoena her employment records but not allowing her to present an expert. *See* doc. 73 at 3, 5. The two requests, however, are in no way equal. Defendants sought leave to serve third-party subpoenas that involve no depositions, only production of documents. Furthermore,

they represent that they can issue the subpoenas "instanter." Doc. 72 at 2.

Contrast that with Graham's expert motion. She not only wants leave to designate an expert, but also desires an additional thirty days to file an expert witness report, thirty more days for *defendants* to designate a rebuttal expert, and, possibly, time to conduct short depositions of both experts. Doc. 73 at 4. While granting defendants' motion will result in minimal, if any, delay to this case, Graham's request for an expert would almost certainly postpone any possible trial date by several months. And again, Graham never attempts to explain why she waited to file her motion, while defendants do. No inequity exists in granting defendants subpoena motion but denying Graham's expert request.

C. **Conclusion**

Defendants' motion for leave to subpoena plaintiff's post-discovery employment records is **GRANTED**. Doc. 72. Graham's motion to allow expert damages testimony is **DENIED**. Doc. 73.

**SO ORDERED**, this 11th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA